IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br>v.<br><br>**ELI RUSSELL JOHNSON**,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:21-CR-00097-JNP<br><br>District Judge Jill N. Parrish |

On June 12, 2024, the court held a hearing for the purpose of sentencing Eli Russell Johnson ("Mr. Johnson"). Prior to Mr. Johnson's sentencing, however, the court became aware of a dispute between the parties regarding the calculation of the applicable base offense level. The dispute stems from the parties' disagreement about whether Mr. Johnson's prior convictions for kidnapping and aggravated robbery are crimes of violence under § 4B1.2 of the United States Sentencing Guidelines ("USSG"). In lieu of sentencing Mr. Johnson, the court heard oral argument on this issue and took the matter under advisement. Having reviewed the parties' memoranda and the applicable law, the court concludes that only Mr. Johnson's prior kidnapping offense constitutes a conviction for a crime of violence under USSG § 4B1.2.

### I. DEFINING CRIMES OF VIOLENCE UNDER USSG § 4B1.2

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

USSG § 4B1.2(a).[1] Under this definition, a conviction may qualify as a crime of violence in one of two ways. "First, it might be one or more of the 'enumerated offenses' listed in U.S.S.G. § 4B1.2(a)(2) (the 'enumerated offense clause') . . . . Second, a conviction might be a 'crime of violence' if it 'has as an element the use, attempted use, or threatened use of physical force against the person of another,' *see id.* at § 4B1.2(a)(1) (the 'force clause' or 'elements clause')." *United States v. O'Connor*, 874 F.3d 1147, 1150 (10th Cir. 2017).

Before the court may consider a conviction under the enumerated offense clause or the elements clause, however, it must address a preliminary question: is the statute divisible? A statute is "indivisible" if it "sets out a single . . . set of elements to define a single crime." *Mathis v. United States*, 579 U.S. 500, 504–05, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2005). When faced with an indivisible statute, the court applies the "categorical approach." Doing so requires the court to compare the elements of the state statute to the elements that comprise the same offense's generic version, ignoring the facts of the case itself. *Id.* at 504. The statute is a crime of violence under the categorical approach if its elements satisfy the enumerated offense clause or the elements clause of § 4B1.2.

A statute is divisible, by contrast, if it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Id.* at 505. Even then, if the court can "determine what crime, with what elements, a defendant was convicted of[,]" it "can then compare that crime, as the categorical approach commands, with the relevant generic offense." *Id.* at 505–06 (citing *Shepard v. United*

---

[1] Mr. Johnson concedes that under the USSG in effect today, his robbery conviction would likely constitute a crime of violence under § 4B1.2(e)(2)'s definition of robbery. *See* ECF No. 47, at 8–9. But as Mr. Johnson notes, he is entitled to "have this case considered in the context of the guidelines and interpretations that were in effect at the time of the commission of this offense." *Id.*; *see also* USSG § 1B1.11 (a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). The court therefore declines to apply the USSG definition of "robbery" that is in effect today, instead applying earlier versions of § 4B1.2's enumerated offense clause and elements clause.

*States*, 544 U. S. 13, 26, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005); *Taylor v. United States*, 495 U.S., 575, 602, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990), *superseded by statute on other grounds as stated in United States v. Spell*, 44 F.3d 936 (11th Cir. 1995)).

In still other circumstances, a statute may "not . . . list[] multiple elements disjunctively, but instead . . . enumerate[] various factual means of committing a single element." *Id.* at 506 (citing *Schad v. Arizona*, 501 U.S. 624, 636, 111 S. Ct. 2491, 115 L. Ed. 2d 555 (1991) (plurality opinion)). If a statute is constructed of alternative means rather than elements, the court's role is not to examine the facts of the case to determine "which of the statutory alternatives was at issue in the earlier prosecution." *Id.* at 517. Instead, the court's role is to apply the categorical approach, "ask[ing] only whether the *elements* of the state crime and generic offense make the requisite match." *Id.*

## II.   MR. JOHNSON'S KIDNAPPING CONVICTION

### A. UTAH'S KIDNAPPING STATUTE IS DIVISIBLE AND THE MODIFIED CATEGORICAL APPROACH APPLIES

Mr. Johnson was convicted of kidnapping in April 2011. At that time, Utah's kidnapping statute defined the offense as follows:

> (2) An actor commits kidnapping if the actor intentionally or knowingly, without authority of law, and against the will of an individual:
> (a) detains or restrains the individual for any substantial period of time;
> (b) detains or restrains the individual in circumstances exposing the individual to risk of bodily injury;
> (c) holds the individual in involuntary servitude;
> (d) detains or restrains a minor without the consent of the minor's parent or legal guardian or the consent of a person acting in loco parentis; or
> (e) moves the individual any substantial distance or across a state line.

Utah Code Ann. § 76–5–301. The Government argues that this statute is divisible, subsections (2)(a) through (e) providing alternative *actus reus* elements of the crime. ECF No. 49, at 6–10. Mr. Johnson disagrees. He asserts that "it is clear the statute lists alternative means, not alternative

3

elements, and is therefore indivisible. The elements of this offense include that the actor 1) knowingly and intentionally, 2) without authority of law, 3) against the will of an individual, 4) acts in a manner outlined in parts (a)-(e) of the statute." ECF No. 47, at 5 (citing *State v. Sanchez*, 2015 UT App 27, ¶ 18, 344 P.3d 191, 196; *Mathis*, 136 S.Ct. at 2256). The court does not find Mr. Johnson's conclusory reasoning persuasive, particularly in light of the Government's numerous arguments to the contrary.

The Government points to several pieces of Utah's kidnapping statute that it believes suggest that the statute is composed of alternative elements rather than means. First, "[t]he first clause of the statute"—which states that "[a]n actor commits kidnapping if the actor intentionally or knowingly, without authority of law, and against the will of an individual"—"does not define any act for which the subsequent list could serve as mere illustrations." ECF No. 49, at 6. Relatedly, subsections (2)(a) through (e) "are very different from each other and not merely illustrative of similar activity." *Id.* at 7. The court agrees with these observations. The statute's plain language suggests that subsections (2)(a) through (e) are five alternative elements, any one of which may constitute the *actus reus* of a kidnapping conviction, rather than illustrative means by which an individual may commit a kidnapping offense that otherwise lacks any defined *actus reus* element. This conclusion is further supported by two additional points, each of which also suggests that the kidnapping statute is composed of alternatively sufficient elements and is therefore divisible.

The Government argues that "if the state were to charge a defendant with kidnapping on the theory that the individual was restrained for a substantial period of time and, alternatively, that the individual was restrained under circumstances that risked bodily injury, the jury would have to be unanimous as to which act had been committed." ECF No. 49, at 6–7 (citing *State v. Mendoza*, 2021 UT App 79, ¶ 10, 496 P.3d 275). An examination of Mr. Johnson's plea agreement confirms

4

this understanding.[2] Mr. Johnson's plea unambiguously invokes subsection (2)(b) as the *actus reus* of his kidnapping conviction:

> The elements of the crime(s) to which I am pleading guilty (or no contest) are: . . .
>
> · Kidnapping the defendant intentionally or knowingly without authority of law and against the will of the victim: detains and restrains the victim in circumstances exposing the victim to risk of bodily injury.

*See* ECF No. 49-1, at 3. The court therefore finds that Mr. Johnson's plea statement further confirms that the kidnapping statute defined in Utah Code Ann. § 76-5-301(1)(b) is a divisible statute governed by the modified categorical approach.

Finally, the kidnapping statute is written in a manner comparable to Utah's obstruction of justice statute, which Utah courts have found to be constructed of different elements, rather than means. ECF No. 49, at 7–8 (citing *State v. Mendoza*, 2021 UT App 79, ¶ 10, 496 P.3d 275, 278–80) ("The legislature . . . identified the nature of intent required—the first element—and rather than include an element devoted to obstruction generally (with various potential ways to obstruct), the legislature listed numerous acts, the commission of any one of which would satisfy the second *element*.") (emphasis added). The court finds the statute's comparability to the obstruction statute to be an additional factor indicating that the kidnapping crime is composed of divisible elements. As a result, the court proceeds by applying the modified categorical approach to determine whether the kidnapping offense of which Mr. Johnson was convicted was a crime of violence under USSG

---

[2] Ordinarily, the court would not consider the facts contained in a defendant's indictment, plea, or jury instructions unless it found that the statute was indivisible, such that the modified categorical approach could be applied. But that rule is subject to an exception: a "peek at the [record] documents" is permitted for the "sole and limited purpose of determining whether [the listed items are] element[s] of the offense" as opposed to means. *Mathis*, 579 U.S. at 518–19 (quoting *Rendon v. Holder*, 782 F.3d 466, 473–74 (9th Cir. 2015)) (alternations in original). If the record documents uniformly contained each of the statutory alternatives, then those records would indicate that the alternatives were illustrative means of committing an offense. *Id.* at 519. But if the record documents "referenc[e] one alternative term to the exclusion of all others," then "the statute contains a list of elements, each one of which goes toward a separate crime." *Id.*

§ 4B1.2.

### B. MR. JOHNSON'S KIDNAPPING CONVICTION IS A CRIME OF VIOLENCE

Having concluded that Utah's kidnapping statute is divisible, the court applies the modified categorical approach to determine whether Mr. Johnson's kidnapping offense resulted in a conviction for a crime of violence. *See O'Connor*, 874 F.3d at 1152 ("When faced with a divisible statute, courts must first determine which of the alternative elements formed the basis for the defendant's conviction. This determination employs the 'modified categorical approach,' which permits a sentencing court to examine a limited class of documents to determine 'what crime, with what elements, a defendant was convicted of.'") (quoting *Mathis*, 579 U.S. at 505)). In applying the modified categorical approach, the court's role is to examine the record documents "to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 579 U.S. at 505 (citing *Shepard*, 544 U.S. at 26; *Taylor*, 495 U.S. at 602).

Mr. Johnson pled guilty to a kidnapping offense that included an element of "detain[ing] and restrain[ing] the victim in circumstances exposing the victim to risk of bodily injury." ECF No. 49-1, at 3. Under Tenth Circuit law, Mr. Johnson's plea clearly demonstrates that he was convicted of a crime of violence. "[F]or purposes of the elements-clause analysis, we treat the *risk* of bodily injury as synonymous with the *threatened* use of physical force." *United States v. Fagatele*, 2019 U.S. App. LEXIS 33086, at *11 (10th Cir. 2019) (unpublished) (citing *United States v. Treto-Martinez*, 421 F.3d 1156, 1160 (10th Cir. 2005) (reasoning that even if relevant statute did not require proof that defendant actually used force, statute nevertheless had "as an element the 'threatened use of physical force'" because statute required proof of conduct that "could always lead to more substantial and violent contact" (quoting U.S.S.G. § 2L1.2 cmt. 1(B)(iii) (2004)) (emphasis in original); *cf. United States v. Williams*, 893 F.3d 696, 703-04 (10th

Cir. 2018) (rejecting defendant's argument "that *Treto-Martinez* is no longer good law"), *cert. denied*, 139 S. Ct. 795, 202 L. Ed. 2d 587 (2019).[3] Because Mr. Johnson pled to a kidnapping crime that contained an element of "detain[ing] and restrain[ing] the victim in circumstances exposing the victim to risk of bodily injury[,]" the court concludes that Mr. Johnson was convicted of a crime that contained as an element "the use, attempted use, or threatened use of physical force against the person of another[.]" USSG § 4B1.2(a)(1). Mr. Johnson's kidnapping conviction therefore constitutes a crime of violence under the elements clause contained in USSG § 4B1.2.[4]

### III. MR. JOHNSON'S ROBBERY CONVICTION

Under Utah law, an individual commits robbery if he or she does the following:

(a) unlawfully and intentionally takes or attempts to take personal property in the possession of an individual from the individual's person, or immediate presence, against the individual's will, by means of force or fear, and with a purpose or intent to deprive the individual permanently or temporarily of the personal property; or
(b) intentionally or knowingly uses force or fear of immediate force against an individual in the course of committing a theft or unauthorized possession of property.

Utah Code Ann. § 76-6-301(2).[5] The parties agree that the categorical approach governs the court's determination of whether Mr. Johnson's robbery offense resulted in a conviction for a crime of

---

[3] The cases cited above involve USSG § 2L1.2, which defines "crime of violence" for purposes of a sentencing enhancement applicable when a defendant who was ordered to be deported or removed from the United States later engaged in criminal conduct resulting in three or more convictions for misdemeanor crimes of violence. The court finds those precedents equally applicable in the context of USSG § 4B1.2, which defines the same "crime of violence" term for purposes of the career criminal enhancement. *See, e.g., United States v. Asberry*, 394 F.3d 712 (9th Cir. 2005), *cert. denied*, 546 U.S. 883, 126 S. Ct. 198, 163 L. Ed. 2d 187 (2005) (finding that amendments to USSG § 2L1.2 did not change the definition of a "crime of violence" as that term was originally borrowed from § 4B1.2, such that interpretations of § 2L1.2 may continue to guide courts in construing the same term as appears in § 4B1.2).

[4] The court reaches this conclusion under the elements clause and makes no finding regarding whether Mr. Johnson's kidnapping conviction would also constitute a crime of violence under USSG § 4B1.2's enumerated-offense clause.

[5] Mr. Johnson urges the court to look to the statutory definition that was in place at the time of his robbery conviction in 2005. *See* ECF No. 47, at 7–8. The court notes Mr. Johnson's objection, but also observes that the substantive elements of the robbery statute have not changed since 2005; the current statute quoted above merely makes technical changes, including replacing the words "his" and "another" with the term "individual" and substituting the term "unauthorized possession" for "appropriation."

violence. Under that approach, the court concludes that Mr. Johnson's robbery offense was not a crime of violence under § 4B1.2's enumerated offense clause or its elements clause.

The court will address the enumerated offense clause before turning to the elements clause. Mr. Johnson does not dispute that Utah's robbery statute contains the same *mens rea* as the generic definition of robbery. *See* ECF No. 47, at 8 ("Robbery has a *mens rea* of intentional conduct. *State v. Eyre*, 2021 UT 45, ¶ 26, 500 P.3d 776, 784. Thus, the intentional mens rea required by a crime of violence is satisfied."). But the parties dispute whether Utah's robbery statute is broader than generic robbery because of its temporal scope or because it is concerned not only with fear of bodily injury, but also with fear of property damage.

First, the parties dispute whether Utah's robbery statute is broader than generic robbery because Utah's robbery statute does not specify that robbery "occur[s] only when the perpetrator used force or intimidation *before or during* the taking itself[.]" ECF No. 47, at 8 (quoting *United States v. Garcia-Caraveo*, 586 F.3d 1230, 1233 (10th Cir. 2009)). In *Platt*, however, the Tenth Circuit considered and dismissed the same argument. In an unpublished opinion, the court wrote that "[i]t is true that '[a]t common law . . . robbery occurred only when the perpetrator used force or intimidation *before or during* the taking itself; force used to retain the property or to escape did not suffice to transform larceny into robbery.'" *See United States v. Platt*, 807 Fed. App'x 804, 806–07 (10th Cir. 2020) (unpublished) (quoting *Garcia-Caraveo*, 586 F.3d at 1233). "But even though 'the old common law required that the force or violence used in a robbery occur before or during the taking of property, a different result is often possible today as a result of legislative or judicial adoption of a continuing offense theory of the crime.'" *Id.*

In *Garcia-Caraveo*, the Tenth Circuit examined the robbery statutes of 48 states, concluding that the law had developed such that today, "the uniform generic definition of robbery

8

incorporates the continuing-offense theory." 586 F.3d at 1236. Like many states, "Utah has adopted a continuing-offense, or transactional, view of robbery" now incorporated into the generic definition of robbery. *Platt*, 807 Fed. App'x at 807 (citing *State ex. rel D.B. v. State*, 925 P.2d 178, 180-81 (Utah App. 1996)). The *Platt* court therefore dismissed the same argument that Mr. Johnson now advances: "we hold that, with respect to when the use or threat of force must occur, Utah Code Ann. § 76-6-301 falls within the uniform generic definition of robbery, and thus is a 'crime of violence' under § 4B1.2(a)(2)." *Id.* at 808. The court finds *Platt*'s reasoning persuasive and does not find the temporal element in Utah's robbery statute distinguishable from the temporal element in generic robbery. Despite this conclusion, however, the court cannot conclude that Mr. Johnson's robbery offense is a crime of violence under the enumerated offense clause.

In *O'Connor*, the Tenth Circuit held that generic robbery "encompasses a threat to a person but not to property alone" and thus that Hobbs Act robbery was not a crime of violence because that statute "encompasses force or threat of force to property." *O'Connor*, 874 F.3d at 1154–55. Mr. Johnson argues that Utah's robbery statute mirrors Hobbs Act robbery, insisting that because neither statute is "limited to conduct involving physical force or threats of physical force against a person," a robbery conviction under either statute could not constitute a crime of violence under § 4B1.2's enumerated offense clause. This question is not settled in Tenth Circuit law.[6] Nonetheless, the court agrees with Mr. Johnson: robbery is not a crime of violence under the enumerated offense clause because Utah's robbery statute encompasses broader conduct than is criminalized under the generic robbery definition adopted in the Tenth Circuit.

---

[6] In *Platt*, the Tenth Circuit explicitly did not address whether *O'Connor*'s recognition that "generic robbery encompasses a threat to a person but not to property alone" compels the court to recognize that Utah's robbery statute is broader than generic robbery. *See Platt*, 807 Fed. App'x at 807 n.2 ("Mr. Platt does not argue that the Utah robbery statute includes threats to property. Rather, he maintains that *O'Connor* 'did not provide a specific definition of generic robbery.' . . . As discussed herein, we do not rely on *O'Connor* to conclude that Utah robbery meets the uniform generic definition of robbery.").

Like the Hobbs Act, Utah's robbery statute encompasses force or threat of force to property. Utah's statute merely requires an offender to take another's property "by means of force or fear"— nothing in the statute's text suggests that "fear" means fear of physical force to another's person. Utah Code Ann. § 76-6-301(2)(a). The statute's text is plainly open to reasonable alternative interpretations, including that one could commit robbery by causing another to fear damage to property. Moreover, because subsection (b) requires use of "force or fear of immediate force against an individual" while subsection (a) merely requires use of "force or fear," the statute's text strongly supports the inference that "force or fear" is *not* limited to fear of physical force. The court therefore concludes that under Utah law, robbery does not require "physical force or threats of physical force against a person" and is therefore not a crime of violence under § 4B1.2's enumerated offense clause. *See also United States v. Traversa*, 2015 WL 6695662 (D. Utah Nov. 3, 2015); *United States v. Malohi*, 2018 WL 2604853 (D. Utah June 2, 2018).

The same reasoning leads the court to conclude that Mr. Johnson's robbery conviction is not a crime of violence under § 4B1.2's elements clause. Because the statute encompasses fear of harm to property, it does not categorically have as an "element the use, attempted use, or threatened use of physical force against the *person* of another[.]" USSG § 4B1.2(a) (emphasis added). Under the categorical approach, the court therefore concludes that Mr. Johnson's robbery conviction is not a crime of violence under the enumerated offense clause or the elements clause.

**CONCLUSION AND ORDER**

The court **ORDERS** that Mr. Johnson's prior conviction for kidnapping is a crime of violence as that term is defined in USSG § 4B1.2. Mr. Johnson's prior robbery conviction is not a crime of violence.

Signed July 12, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge